**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10273 |
| Plaintiff - Appellee, | D.C. No. 2:17-cr-50125-DJH-1 |
| v. | |
| CRAIG ALLEN STEPHENS, AKA Craig Stephens, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted July 17, 2020
San Francisco, California

Before: SILER,** LEE, and BUMATAY, Circuit Judges.

Craig Stephens challenges two conditions of supervised release in his

sentence. We affirm both conditions.

Stephens did not object to these conditions before the district court.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Therefore, we review for plain error. *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009).

**1.**     First, Stephens challenges special condition #4. This condition of supervised release states:

> You must participate in a mental health assessment and participate in mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider.

Stephens argues that the district court plainly erred by delegating the decision of whether he would participate in mental health treatment to a medical professional.

Under the Constitution, the power to punish is exclusively judicial. *See United States v. Stephens*, 424 F.3d 876, 881 (9th Cir. 2005) (citing *Ex parte United States*, 242 U.S. 27, 41–42 (1916)). Therefore, a district court may delegate "the details of where and when the condition will be satisfied," but it alone must "make[] the determination of *whether* a defendant must abide by a condition." *United States v. Dailey*, 941 F.3d 1183, 1194 (9th Cir. 2019) (quoting *Stephens*, 424 F.3d at 880). For example, in *Stephens*, the district court stated that the defendant "shall comply" with the special condition that he "participate in . . . a program of mental health treatment as directed by the probation officer." 424 F.3d at 882. On review, this court held that this did not constitute an improper delegation of judicial power, because when a court uses mandatory language such as "shall comply" regarding probation conditions, it has already answered the question of whether the probation condition

19-10273

is required. *Id.* That left for the probation officer only "the ministerial task[]" of choosing the appropriate method for how the offender will comply with the court's condition. *Id.*

Here, Stephens urges this court to read everything following the coordinating conjunction ("and") in special condition #4 as an independent clause, such that he need only participate in treatment "as determined to be necessary" by a nonjudicial actor. However, "must participate" applies to both the assessment and the treatment by a medical provider. The condition is constitutional. *Cf. United States v. Ching Tang Lo*, 447 F.3d 1212, 1233–34 (9th Cir. 2006) (discussing how when an acceptable reading would raise serious constitutional issues, courts are obligated to adopt a construction that avoids such problems where an alternative interpretation is "fairly possible"). Accordingly, the district court did not commit plain error.

**2.**     Second, Stephens challenges standard condition #8. This condition states

> You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

Stephens argues that the district court erred by implementing this condition because it restricts a significant liberty interest by preventing him from interacting with his fiancée, who is a convicted felon, and because the court did not make the required heightened findings on the record to justify imposing this condition.

19-10273

If a court imposes a supervised release condition that restricts a defendant's significant liberty interest, such as an intimate relationship, it must justify the condition by making heightened findings on the record. *United States v. Stoterau*, 524 F.3d 988, 1005 (9th Cir. 2008); *see also United States v. Weber*, 451 F.3d 552, 568 (9th Cir. 2006) (describing these "enhanced procedural requirements"). A fiancée qualifies as an intimate relationship that implicates a significant liberty interest. *United States v. Wolf Child*, 699 F.3d 1082, 1095 (9th Cir. 2012).

Here, Stephens did not raise this issue or mention his fiancée at the relevant August 2019 disposition hearing. Also, the disposition report that was prepared for the hearing did not mention a fiancée. However, Stephens argues that the district court knew or should have known that he had a fiancée who was a convicted felon because it was discussed several months earlier at a prior disposition hearing, and it was mentioned in a prior disposition report for a separate violation of his supervised release. In essence, Stephens argues that it was plain error for the district court judge to not piece together facts, spread out across multiple hearings, that would have indicated that this condition would restrict him from seeing his fiancée.

We conclude that based on the facts of this particular case the district court did not plainly err by imposing the condition without heightened findings on the record. For purposes of judicial efficiency, the burden is not on the district court to search the record to determine if the supervised release conditions will interfere with any of the

defendant's liberty interests. Instead, it is the defendant's responsibility to raise such issues to the court. We have not found any case to the contrary and it would otherwise place an unreasonably high burden on the district courts.

**AFFIRMED.**