NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30070 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-00147-BLW-1 |
| v. | |
| JOHN ALAN MAHLER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted October 9, 2020**
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and KOBAYASHI,***
District Judge.

John Alan Mahler appeals his conviction and 264-month sentence for one

count of child exploitation, arguing his guilty plea was not knowingly and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

voluntarily entered. Mahler concedes that he was aware of the appellate waiver when he signed the plea agreement, but contends his plea was not knowing and voluntary because he did not know that he would be subject to U.S.S.G. § 4B1.5, the career offender guideline for sex offenders. Mahler also argues his sentence is substantively unreasonable. The government argues that the issue raised in Mahler's appeal is encompassed by the appellate waiver in his plea agreement, which should be enforced because his plea was entered into knowingly and voluntarily. We agree and dismiss Mahler's appeal.

We review de novo whether a defendant waived his right to appeal and did so knowingly and voluntarily. United States v. Dailey, 941 F.3d 1183, 1188 (9th Cir. 2019) (waiver); United States v. Carter, 795 F.3d 947, 950 (9th Cir. 2015) (whether the plea was knowing and voluntary). In general, we will enforce a waiver of appellate rights if the issue on appeal is encompassed in the language of the waiver and if the waiver was entered into knowingly and voluntarily. United States v. Lo, 839 F.3d 777, 783 (9th Cir. 2016).

In his plea agreement, Mahler "waive[d] any right to appeal . . . the sentence." This includes his argument that his sentence, although within the guideline range, was substantively unreasonable. Further, that challenge does not fall within the exceptions to the appellate waiver. Thus, the only issue is whether Mahler knowingly and voluntarily waived his appellate rights.

We consider "the circumstances surrounding the signing and entry of the plea agreement" to determine whether the defendant knowingly and voluntarily entered into the agreement. Id. at 783-84 (internal quotation marks omitted). During Mahler's change of plea hearing, the district court advised him that his sentence could range from a mandatory minimum of ten years of imprisonment to life imprisonment. Mahler said he understood. Mahler stated no promises were made to him to induce him to plead guilty, other than what was contained in the plea agreement. Although the plea agreement required the government to forego the pursuit of additional counts, which would have increased the mandatory minimum to twenty years, there is no indication that Mahler was promised (or would believe that he was promised) that his sentence would be less than twenty years. The plea agreement recognized that the district court must consider the sentencing guidelines in determining the appropriate sentence, and that "the [district] court ha[d] complete discretion to impose any lawful sentence, including the maximum sentence possible." Thus, "the circumstances surrounding the signing and entry of the plea agreement" belie Mahler's claim on appeal that his plea was not knowing and voluntary because he did not know § 4B1.5 would apply.

Mahler acknowledges that his Presentence Report stated § 4B1.5 applied and that his guideline sentencing range was 235 to 293 months of imprisonment.

3

Mahler's sentencing memorandum addressed the application of § 4B1.5. At sentencing, Mahler's counsel stated he reviewed the presentence report with Maher. The government argued the district court should impose a sentence of 264 months. Mahler's counsel argued the application of § 4B1.5 would result in a sentence that violated the Eighth Amendment. This supports the government's position that, at the time he entered into the plea agreement, Mahler was aware of the possibility that § 4B1.5 could apply.

We therefore conclude that Mahler's guilty plea was knowingly and voluntarily made, and we hold that his appellate waiver is valid and enforceable. We therefore do not reach the merits of his argument that his sentence is substantively unreasonable. See Lo, 839 F.3d at 783 ("[T]he whole point of a waiver is . . . the relinquishment of claims *regardless* of their merit" (internal quotation marks omitted)).

**APPEAL DISMISSED.**