NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10330 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-08037-DWL-1 |
| v. | |
| Q.J., JUVENILE MALE, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted September 16, 2020
San Francisco, California

Before: WALLACE, TASHIMA, and IKUTA, Circuit Judges.

Q.J. is a juvenile male and member of the Navajo Nation who sexually abused

a 5-year-old girl. Q.J. was charged by Information with three counts of juvenile

delinquency in the form of aggravated sexual abuse of a minor, in violation of 18

U.S.C. §§ 1153, 2241(c), 2246(2), and 5031–5037. During the pendency of his case,

he was detained at residential treatment facility Back to Life in Phoenix, Arizona, to

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

receive therapy and services. He pled guilty to the lesser-included offense of abusive sexual contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(5), 2246(2)(D), and 5031–5037, pursuant to a plea agreement.

Q.J.'s plea agreement included a stipulation that he be placed in a residential treatment facility for two of the five years, with a preference for the AMI Kids facility in New Mexico near his family, and a five-year term of probation. However, AMI Kids was no longer available when Q.J. had his disposition hearing. Probation suggested that Q.J. be placed in the Garza County Regional Juvenile Center (Garza) in southwest Texas because it provides specialized sex offender treatment and Native American cultural programming.

Q.J. made multiple objections, but two are relevant for his appeal. He first complained that Garza was isolated, far from his family, not compliant with the terms of his plea agreement, and not the least restrictive placement consistent with his rehabilitation as required by the Federal Juvenile Delinquency Act (the Act). Q.J. offered the Youth Development Institute (YDI) in Phoenix, Arizona, as an alternative treatment facility. He next argued the special condition that he undergo a mental health assessment and treatment as determined by the mental health professional was an impermissible delegation of the district court's authority. The final disposition hearing was continued to permit Q.J. to locate funding and obtain a bed at YDI.

At the final disposition hearing, the district court observed that YDI was not available because the potential funding source denied Q.J.'s request for funding. Therefore, Q.J.'s only options were Garza or Back to Life. The district court chose Garza due to Back to Life's numerous supervision failures. Q.J. appeals from his placement in Garza, the special condition, and now objects to inconsistent residency requirements.

We have jurisdiction pursuant to 28 U.S.C. § 1291. A juvenile delinquency sentence is reviewed for abuse of discretion. *United States v. H.B.*, 695 F.3d 931, 935 (9th Cir. 2012); *see also* 18 U.S.C. § 5031 *et seq.* We must "have a definite and firm conviction that the district court committed a clear error of judgment" to hold that the court abused its discretion. *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013). A contested probation condition is generally reviewed for abuse of discretion. *United States v. Dailey*, 941 F.3d 1183, 1188 (9th Cir. 2019). However, if the parties did not object to the condition in the district court, the condition is reviewed for plain error. *United States v. LaCoste*, 821 F.3d 1187, 1190 (9th Cir. 2016). We affirm in part and vacate and remand in part.

The Act generally "disfavors institutionalization . . . [particularly] the warehousing of young people away from their communities." *United States v. Juvenile*, 347 F.3d 778, 785 (9th Cir. 2003). The Act explicitly directs the Attorney General to commit juveniles to a foster home or community-based facility "located

in or near [their] home community" whenever possible. 18 U.S.C. § 5039. This requirement has become known as the "least-restrictive environment" to support a juvenile's rehabilitation. *Juvenile*, 347 F.3d at 787. This court has also instructed district courts to give due consideration to the unique needs of Native American youth, as they are disproportionately subject to federal court jurisdiction for their delinquency offenses on account of the structure of the Act. *H.B.*, 695 F.3d at 937.

The district court did not abuse its discretion in placing Q.J. in Garza. The district court properly considered the nature of his offense, his need for specialized sex offender treatment, and his need for continued education. The district court determined that, even though Garza was a more restrictive environment, Back to Life was not a viable option and YDI was not available. Q.J. did not present evidence of a suitable and available alternative treatment plan; therefore, his placement at Garza was not overly restrictive. *See H.B.*, 695 F.3d at 937–38; *see also* 18 U.S.C. § 5039. The district court's decision to place him in Garza for a maximum 24-month treatment period was ultimately the least restrictive means to accomplish Q.J.'s rehabilitation due to his long-term and troubling sexual misconduct.

The district court did not abuse its discretion by setting the contested special condition because it was not an impermissible delegation of the district court's authority; it was a task permissibly left to Q.J.'s physician to choose how to comply

with the court's condition.  The special condition orders Q.J. to cooperate with his mental health team at Garza and directs his mental health professional to conduct a mental health assessment and determine the appropriate treatment.  The statute governing probation conditions specifies that the district court may order a probationer to comply with certain discretionary conditions, such as "medical, psychiatric, or psychological treatment."  18 U.S.C. § 3563(b)(9).  A court is also free to delegate "ministerial tasks," although it may not delegate the primary decision of whether a probationer will be subject to a requirement at all.  *United States v. Stephens*, 424 F.3d 876, 882 (9th Cir. 2005) (holding that the assignment of administrative details of arranging a treatment program to a nonjudicial officer is not an impermissible delegation).

Finally, the parties agree that the district court imposed inconsistent conditions regarding Q.J. residency, specifically that the special condition and the standard condition conflict in a manner that "leaves no room for Q.J. to change his residency without pre-approval of the probation officer."  A limited remand to reconcile the inconsistent residency restrictions is, therefore, required.

**AFFIRMED in part and VACATED and REMANDED in part.**