NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. ALBERTO PEREZ, AKA Rhino, Defendant-Appellant. | No. 22-50178 D.C. No. 2:21-cr-00112-FLA-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted December 11, 2023[**]
Pasadena, California

Before: GRABER, CHRISTEN, and OWENS, Circuit Judges.

Defendant Alberto Perez appeals the sentence imposed by the district court after he pleaded guilty to possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). We dismiss the appeal in part and affirm in part.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1. Defendant expressly waived the right to appeal most of the issues raised here because the court imposed a prison term "within or below the range corresponding to an offense level of 37 and the criminal history category calculated by the Court, or 120 months, whichever is higher[.]" (Emphases added). The court found a criminal history of II and sentenced Defendant to 210 months, which is "within . . . the range corresponding to an offense level of 37" using that criminal history score.

We review de novo whether a defendant waived the right to appeal. United States v. Dailey, 941 F.3d 1183, 1188 (9th Cir. 2019). Defendant's waiver was made knowingly and voluntarily. See United States v. Medina-Carrasco, 815 F.3d 457, 461 (9th Cir. 2016) (stating the standard for enforcing a waiver). Defendant argues that the waiver was not made knowingly and voluntarily because he was sentenced to more than 120 months and a reasonable person in his position would not have known that he was waiving the appeal of a sentence greater than 120 months. But the clear wording of the waiver in the plea agreement is to the contrary. The fact that the Guideline range corresponding to offense level 37 is not spelled out in the plea agreement does not render the waiver uncertain or otherwise invalid. Nor does the waiver suggest that the Guideline range of a sentence for offense level 37 could be less than 120 months; the waiver specifies that the court could sentence Defendant "within or below" that range. (Emphasis added). Had

the court chosen to sentence "below" the range, in theory the resulting sentence could have been less than 120 months. Accordingly, Defendant's waiver is valid, so his arguments that his sentence is unreasonable and that the district court abused its discretion in denying a mitigating role reduction are waived.

2. Defendant argues that the district court's application of U.S. Sentencing Guidelines § 2D1.1(c)(1) violated his right to due process. See United States v. Pollard, 850 F.3d 1038, 1041 (9th Cir. 2017) (noting that a valid appellate waiver does not prevent courts from reviewing a sentence that violates the Constitution). Defendant's argument is, in essence, a policy argument, not a constitutional one. For example, he asserts that the Guideline is "draconian," that it lacks "any empirical basis," and that it is "much maligned." Accordingly, and also because Defendant expressly agreed to the application of this Guideline, Defendant's due process argument fails.

3. Finally, Defendant argues that his trial counsel was ineffective for failing to argue that the sentencing court should not have followed U.S.S.G. § 2D1.1(c)(1) and for failing to call to the court's attention that other judges have declined to apply this Guideline. We follow our usual rule and decline to review this claim on direct appeal. See United States v. Singh, 979 F.3d 697, 731 (9th Cir. 2020) ("[T]he decision of whether to review [an ineffective assistance of counsel] claim 'is best left to the discretion of the district court.'" (citation omitted)).

**DISMISSED IN PART and AFFIRMED IN PART.**