NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>LESLIE HOOD,<br><br>Defendant-Appellant. | No.　22-10207<br><br>D.C. No.<br>1:17-cr-00040-DAD-BAM-2<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted January 8, 2024[**]
San Francisco, California

Before:  SILER,[***] TASHIMA, and BRESS, Circuit Judges.

Shortly before beginning voir dire in his criminal trial for possession with

intent to distribute methamphetamine, Defendant Leslie Hood, proceeding pro se,

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]　The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

reached an oral plea agreement with the government. As part of that agreement, he agreed to "waiv[e] all appellate and collateral attack rights." The court sentenced him to 147 months of imprisonment and a five-year period of supervised release, with the supervised release conditions that he be gainfully employed and engage in community service or employment at least thirty hours per week. He now challenges the work-related conditions of his supervised release, arguing that his appellate waiver did not foreclose a challenge to those conditions, and that they violate the Eighth Amendment. Finding no constitutional violation, we affirm his sentence.

The question whether Hood has waived his appellate rights is reviewed de novo. *United States v. Dailey*, 941 F.3d 1183, 1188 (9th Cir. 2019). Ordinarily, allegations that a supervised release condition violates the Constitution are reviewed de novo, but when the issue is not raised before the trial court, as is the case here, review is merely for plain error. *See United States v. Nishida*, 53 F.4th 1144, 1150 (9th Cir. 2022). Although Hood appears to have validly waived his appellate rights in his plea agreement, we need not reach that issue because an appellate waiver is inapplicable if a sentence is illegal, as Hood is alleging here. *See, e.g.*, *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007), *as amended*; *see also Nishida*, 53 F.4th at 1149 ("When a defendant with an otherwise valid appeal waiver challenges the legality of [his] sentence, the claim as to waiver rises and falls with the claim on the merits." (quoting *United States v. Dailey*, 941 F.3d 1183, 1188 (9th Cir. 2019))). The

parties also appear to agree that Hood's waiver, even if valid, would not cover the merits of this appeal.

The Eighth Amendment prohibits the imposition of "cruel and unusual punishments." U.S. Const. amend VIII. Two categories of punishments fall within the Amendment's ambit: (1) those "considered cruel and unusual at the time that the Bill of Rights was adopted," and (2) those that offend our "evolving standards of decency." *United States v. Gementera*, 379 F.3d 596, 608 (9th Cir. 2004) (citations omitted). Analysis of whether a punishment offends modern decency standards looks broadly at "American society as a whole" and whether such punishments are unusual generally and in the context of "the reality of the modern prison." *Id*. at 608–10. The Amendment's core concern is "the dignity of man." *Id*. at 608 (quotations omitted).

As part of his sentence, the district court ordered Hood to comply with the standard conditions of supervision and special conditions recommended by the Probation Office. Two of those conditions impose a work or community-service requirement. The first states that "[y]ou must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so." The second requires that Hood "be employed and/or complete community service for a combination of 30 hours per week or participate in a previously approved educational or vocational program by the probation officer."

Hood argues that "[r]equiring a 64 year-old man in ill health to work full time despite the pain and pronounced physical discomfort it will cause him is an unnecessary and wanton infliction of pain and it is an uncivilized blow to Mr. Hood's dignity." His health issues include "gastroesophageal reflux disease, ulcerative colitis and inflammatory bowel disease." He was hospitalized once during the four years his case was pending before the district court and caught COVID-19 five different times. He still suffers fatigue, headaches, and bone aches, apparently as a "lingering effect[]" of COVID-19. He argues that he "simply does not have the physical ability to work."

As the United States points out, the work condition is not unconstitutional because it is commonly imposed, serves a legitimate penological purpose, and does not violate basic standards of decency. The work requirements are specifically authorized by statute and their imposition is left to the discretion of the district court. *See* 18 U.S.C. § 3563(b); *United States v. Bahe*, 201 F.3d 1124, 1135 (9th Cir. 2000). And further, the Sentencing Guidelines explicitly recommend that district judges impose the standard conditions of supervision, including the employment condition at issue here, in every case. *See* U.S.S.G. § 5D1.3(c)(7). We do not consider conditions authorized by the people's representatives in Congress and made a standard part of nearly every criminal judgment to be so "unusual" as to violate the Eighth Amendment. *See Gementera*, 379 F.3d at 608–10.

22-10207

Any argument that the work requirement could be "cruel" in Hood's case is foreclosed by the safety valve in each condition. The work requirement explicitly states that Hood must be gainfully employed "unless the probation officer excuses [him] from doing so." And the community service requirement also allows the completion of "educational or vocational program[s]" in lieu of employment or community service. While Hood's current health issues are real—though how much they keep him from working has not been independently evaluated—their effect on his future capacity to work is largely speculative. This speculation combined with the probation officer's power to tailor the requirements to fit Hood's physical capabilities undercuts his argument that the conditions of supervised release are unconstitutional as applied to him.

Plain error review allows the court to address an error raised for the first time on appeal if it finds that there was (1) an error, (2) that was plain, (3) that affected substantial rights, and (4) seriously affected the "fairness, integrity, or public reputation of judicial proceedings." *United States v. Yijun Zhou*, 838 F.3d 1007, 1012 (9th Cir. 2016) (quoting *United States v. Myers*, 804 F.3d 1246, 1257 (9th Cir. 2015)). Because the conditions imposed are constitutional, there was no error, and the plain error analysis stops at its first step.

The sentence is **AFFIRMED**.