**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30101 |
| Plaintiff-Appellee, | D.C. No.   3:20-cr-00184-BR-1 |
| v. | MEMORANDUM* |
| NICKOLAS K. PARSONS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-871 |
| Plaintiff - Appellee, | D.C. No. 3:20-cr-00184-MO-1 |
| v. | |
| NICKOLAS K. PARSONS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted April 1, 2024
Portland, Oregon

Before: OWENS and FRIEDLAND, Circuit Judges, and ORRICK, District Judge.[**]

Nickolas Parsons appeals from the imposition of a special condition of supervised release that requires him to submit to periodic polygraph testing at the discretion of his probation officer ("the polygraph condition").[1]  The polygraph condition was imposed as part of his sentence for one count of transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(l), (b)(l) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).[2]  We affirm.

1.  Parsons pled guilty to both counts and waived his right to appeal from any aspect of his conviction and sentence with three explicit exceptions included in the plea agreement not applicable here.  But Parsons asserts that his appellate

---

[**]     The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

[1] Parsons also purports to challenge the imposition of two other special conditions: (1) a condition requiring his mandatory participation in a sex-offense-specific assessment and (2) a condition requiring his mandatory participation in a sex-offense-specific treatment program.  The polygraph condition was included as part of those conditions.  However, the substance of his argument relates only to the polygraph condition.

[2] Parsons's claim is ripe for review because "[a] term of supervised release, even if contingent, is part and parcel of the defendant's sentence and can be challenged on direct appeal."  *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006).

waiver does not preclude this appeal because "[a] waiver of the right to appeal does not bar a defendant from challenging an illegal sentence." *United States v. Watson*, 582 F.3d 974, 977 (9th Cir. 2009). Parsons contends that, absent a preemptive grant of immunity, the polygraph condition renders his sentence "illegal" under both the Fifth Amendment of the Constitution and 18 U.S.C. § 3583.

"Whether an appellant has waived his right to appeal is a question of law that we review de novo." *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004). "We have . . . held that a sentence is 'illegal'" and thus outside the scope of an appellate waiver "if it 'violates the Constitution.'" *United States v. Wells*, 29 F.4th 580, 584 (9th Cir. 2022) (quoting *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016)). As a result, we consider Parsons's Fifth Amendment claim on the merits. *See United States v. Dailey*, 941 F.3d 1183, 1188–89 (9th Cir. 2019) ("If [defendant] is correct that her sentence violates the law, then her waiver is unenforceable. If she is incorrect, she has waived her right to appeal. Thus, we turn to the merits of her appeal to determine whether the waiver may be enforced.").

2. "We review de novo whether a supervised release condition violates the Constitution . . . ." *United States v. Ochoa*, 932 F.3d 866, 868 (9th Cir. 2019) (emphasis omitted). The polygraph condition does not violate the Constitution.

This case is controlled by *United States v. Stoterau*, 524 F.3d 988 (9th Cir. 2008), in which we concluded that a similar polygraph condition was constitutionally sound because we interpreted the condition to allow the defendant to invoke his Fifth Amendment rights. *Id.* at 1003–04.

There, like here, the defendant challenged a polygraph condition that did not include a preemptive grant of immunity. *See id.* at 1003. Despite the absence of such immunity, we held that the condition did not violate the defendant's Fifth Amendment rights because he would "retain these rights during his polygraph exams": If he was asked a potentially incriminating question, he could refuse to answer, and that refusal would not be grounds to revoke his supervised release. *Id.* at 1003–04. In other words, even though the condition did not specifically allow the defendant to invoke his Fifth Amendment rights, we construed the condition to allow the defendant to do so. As in *Stoterau*, the polygraph condition here requires only that Parsons submit to a polygraph; there is no requirement that he answer all the questions posed during that polygraph. Accordingly, we similarly construe the polygraph condition to allow Parsons to retain and invoke his Fifth Amendment rights during any polygraph exams. As a result, the polygraph condition is consistent with the Fifth Amendment.

3. We need not reach the question of whether Parsons's appellate waiver bars an 18 U.S.C. § 3583 claim because Parsons forfeited any § 3583 claim by

failing to adequately present it in his opening brief. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e 'review only issues which are argued specifically and distinctly in a party's opening brief.'" (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994))). Parsons made only conclusory assertions that, absent a preemptive grant of immunity, the polygraph condition violates § 3583. He provided no support for this argument independent of his constitutional argument. Consequently, we determine that he forfeited any statutory claim.

**AFFIRMED.**